**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MADISON POWER, a minor, by and through Kelly and Lisa Power, her parents and guardians,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>GILBERT PUBLIC SCHOOLS, an Arizona political entity; CANDICE GONZALES, wife and in her individual and official capacity as girls basketball coach of Mesquite High School; JOSH GONZALES, husband; BRADLEY K. BARRETT, husband and Dr. in his official and individual capacity as superintendent of Gilbert Public Schools; BRADLEY K. BARRETT, Mrs., wife; DAVID ALLISON, husband, in his official and individual capacity as assistant superintendent of Gilbert Public Schools; DAVID ALLISON, Mrs., wife; DOMINIC MARCHIANDO, husband and in his official and individual capacity as principal of Mesquite High School; DOMINIC MARCHIANDO, Mrs., wife,<br><br>    Defendants - Appellees. | No. 10-15149<br><br>D.C. No. 2:07-cv-02584-JAT<br><br><br>MEMORANDUM[*] |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted April 14, 2011
San Francisco, California

Before: THOMAS and RAWLINSON, Circuit Judges, and CARNEY, District Judge.[**]

Plaintiff-Appellant Madison Power appeals the district court's order granting summary judgment in favor of Defendants-Appellees Gilbert Unified School District ("Gilbert Public Schools"), Dr. Bradley Barrett, the superintendent of Gilbert Public Schools, Dr. David Allison, the assistant superintendent, and Ms. Candice Gonzales (collectively "Appellees"), in Power's action for sex discrimination. Power alleges that while she was a member of the Mesquite High School varsity girls' basketball team, her assistant coach and Gonzales' husband, Mr. Josh Gonzales, made inappropriate sexual remarks to her and several other girls. Power alleges that after she reported Mr. Gonzales' remarks to the Mesquite High School administration and the Gilbert Public Schools administration, Ms. Gonzales, Mr. Gonzales' wife and the head coach of the varsity basketball team, retaliated against her and that the other members of the varsity basketball team

---

[**] The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

harassed her.  Power brought claims of intentional sex discrimination against Gilbert Public Schools pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a) (2006), and against the individual defendants pursuant to 42 U.S.C. § 1983.  We review the district court's grant of summary judgment *de novo*, *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019 (9th Cir. 2009), and we may affirm the district court's grant of summary judgment on any ground supported by the record, *Cmty. Bank of Ariz. v. G.V.M. Trust*, 366 F.3d 982, 984 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment in favor of Gilbert Public Schools on Power's Title IX claim for sex discrimination because Power did not raise a genuine issue of material fact regarding whether Gilbert Public Schools responded to her complaints about Ms. Gonzales' conduct or her peers' harassment with deliberate indifference.  *See Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 633 (1999) (student-on-student sexual harassment); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290–91 (1998) (teacher-on-student sexual harassment).  In order to show that Gilbert Public Schools responded to Power's complaints with deliberate indifference, Power must show that the response was "clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648.  Power did not present any such evidence.  In fact, the

3

record shows that Gilbert Public Schools officials timely and thoroughly investigated and responded to each of Power's complaints about Ms. Gonzales and several members of the varsity girls' basketball team.

Summary judgment on Power's § 1983 claim based on the Equal Protection Clause was also warranted. Although retaliating against a person for reporting sexual harassment is arguably a violation of the Equal Protection Clause, *see Alaska v. EEOC*, 564 F.3d 1062, 1069 (9th Cir. 2009) (en banc), Power did not present any evidence to raise a genuine issue of material fact regarding whether Ms. Gonzales, Dr. Barrett, and Dr. Allison retaliated or otherwise intentionally discriminated against her. Power only presented evidence that Ms. Gonzales made a few snide remarks to her or about her; she presented no evidence that Ms. Gonzales took any adverse action against her or treated her any differently than any other member of the varsity basketball team. *See Hardage v. CBS Broadcasting, Inc.*, 427 F.3d 1177, 1189 (9th Cir. 2005) (explaining that snide remarks and thinly veiled threats do not amount to an adverse action for purposes of a Title VII retaliation claim). Power also did not present sufficient evidence to create a triable issue regarding whether Ms. Gonzales encouraged or directed the members of the varsity basketball team to harass her, or that Dr. Barrett or Dr. Allison retaliated or otherwise intentionally discriminated against her on the basis

4

of sex. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) (holding that for a supervisor to be liable in his individual capacity under § 1983 the plaintiff must show that he "was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation"); *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (concluding that where underlying constitutional violation requires showing of intentional discrimination, plaintiffs must also show that supervisor possessed the requisite discriminatory intent) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948–49 (2009).

Finally, the district court properly granted summary judgment in favor of Dr. Barrett, Dr. Allison, and Ms. Gonzales on Power's § 1983 claim based on the First Amendment because Power waived her First Amendment claim by failing to raise it in opposition to the Appellees' motion for summary judgment. *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005).

**AFFIRMED**.